UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE FRANKLIN,<br><br>                      Plaintiff,<br><br>         -against-<br><br>SHARI HEPBURN,<br><br>                      Defendant. | 24-MC-467 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      Pro se plaintiff Leslie Franklin filed this action to enforce a judgment she received against her sister, defendant Shari Hepburn, from an Arizona state court. *See* Dkt. 1 at 2. Because this court does not have jurisdiction over Franklin's claim, this case is DISMISSED.

      Franklin has asked this Court to enforce that judgment before. The earlier suit was dismissed for lack of subject-matter jurisdiction. *See* Order of Dismissal, *Franklin v. Hepburn*, 24-cv-622 (S.D.N.Y. April 15, 2024), ECF 7.

      For both this suit and the previous one, Franklin filed her motion with the wrong court. A federal court is a court of limited authority. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("The federal courts are courts of limited subject-matter jurisdiction."). This means that this Court and all other federal courts "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Id.* (quotation omitted). In other words, a federal court can entertain Franklin's suit only if it has been given the specific authority to do so.

      Unfortunately, the Court hasn't been authorized to act on Franklin's claim. As the Court pointed out to Franklin in her previous case, her suit doesn't fall into any of the categories of cases that Congress has allowed the federal courts to hear. *See* Order of Dismissal, *Franklin v. Hepburn*, 24-cv-622 (S.D.N.Y. April 15, 2024), ECF 7 at 4-6 (discussing lack of federal question or diversity jurisdiction).

      This makes Franklin's request for enforcement one better directed at a state court. Under New York law, judgments of non-New York courts are recognized and enforced according to the procedures outlined in N.Y. C.P.L.R. § 5402. The statute requires that the party seeking enforcement first obtain a certified or authenticated copy of the judgment. N.Y. C.P.L.R. § 5402(a). Rule 4540 provides instructions on what New York requires for authenticating judgments. *See* N.Y. C.P.L.R. 4540.

      Then, within ninety days of getting the judgment authenticated, the party must file the authenticated copy of the judgment with any county clerk of New York. N.Y. C.P.L.R. § 5402(a). They should also include an affidavit stating that "the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount

remaining unpaid, and that its enforcement has not been stayed, and setting forth the name and last known address of the judgment debtor." *Id.* After that, enforcement will proceed as outlined under New York law. *See* N.Y. C.P.L.R. § 5402(b).

      For the reasons stated above, this case is dismissed for lack of jurisdiction. The Clerk of Court is directed to close this case and to mail a copy of this order to the plaintiff.

      SO ORDERED.

Dated: November 7, 2024
      New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge